UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EL-AMIN BASHIR,

           Plaintiff,

v.                            Case No. 3:05-cv-1165-J-12HTS

UNITED STATES [OF] AMERICA,

           Defendant.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff El-Amin Bashir, an inmate of the federal penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Complaint under the Federal Tort Claims Act (hereinafter FTCA) pursuant to 28 U.S.C. § 1346(b). Plaintiff claims that the United States Marshal's Office in Jacksonville, Florida, negligently lost his personal clothing, which he values at $2,150.00.

A federal court may not exercise jurisdiction over an FTCA claim unless the plaintiff first files an administrative claim with the appropriate agency. 28 U.S.C. §§ 2401(b), 2675(a); see <u>Suarez v. United States</u>, 22 F.3d 1064, 1065 (11th Cir. 1994). The Eleventh Circuit has stated:

> A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it. An agency's failure to dispose of a claim within six months is deemed to be a final denial. See 28 U.S.C. § 2675(a). A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements. See <u>Bush v. United States</u>, 703 F.2d 491, 494 (11th Cir. 1983).
>
> To satisfy section 2675(a), a claimant must do two things: "(1) give[] the [appropriate] agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place[] a value on his or her claim." <u>Adams v. United States</u>, 615 F.2d 284, 289 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980).

<u>Burchfield v. United States</u>, 168 F.3d 1252, 1254-55 (11th Cir. 1999) (footnote omitted).

The purpose of exhaustion of administrative remedies under 28 U.S.C. § 2675(a) is "to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation." <u>Meeker v.

United States, 435 F.2d 1219, 1222 (8th Cir. 1970) (citation omitted).

Plaintiff, here, has not shown that he has exhausted his administrative remedy. Plaintiff merely alleges that his trial counsel and his wife called the United States Marshal's Office numerous times to inquire about the status of his personal property. After exhaustion, he may refile a Complaint for this Court's consideration. In refiling, he should submit documentation reflecting proper exhaustion.

Thus, for this reason, this Court is of the opinion that this case should be dismissed without prejudice.

It is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** to the right to refile after proper exhaustion.

2. The Clerk of the Court shall enter judgment accordingly.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29TH day of NOVEMBER, 2005.

　　　　　　　　　　　　　　　　　　Howell W. Melton
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

sc 11/21
c:
El-Amin Bashir