UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EL-AMIN BASHIR,

                Plaintiff,

v.                                Case No. 3:05-cv-1165-J-12HTS

UNITED STATES [OF] AMERICA,

                Defendant.
_____

**ORDER**

**I. Status**

On October 31, 2005, Plaintiff El-Amin Bashir filed a *pro se* Complaint pursuant to the Federal Tort Claims Act (hereinafter FTCA), 28 U.S.C. § 1346(b), in the United States District Court for the Southern District of New York. In the Complaint, Plaintiff claims that the United States Marshal's Service, as an agency of the United States, is responsible for the loss of his property, specifically various articles of personal clothing to wear during his federal criminal trial. Since a substantial part of the acts or omissions giving rise to the Complaint occurred in the judicial district of the Middle District of Florida, the case was

transferred to this Court.  See Case No. 1:05-cv-9192-MBM, Transfer Order (Doc. #3), filed October 31, 2005.

Before this Court are two pending motions:  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #33) (hereinafter Motion for Summary Judgment) with a Memorandum in Support of Defendant's Motion to Dismiss or for Summary Judgment (Doc. #32) (hereinafter Defendant's Memorandum) and Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38), filed May 29, 2007.[1]  Since Plaintiff is appearing *pro se*, the Court previously advised him of the provisions of Fed. R. Civ. P. 56 and gave him an opportunity to respond.  See Court's Order (Doc. #35), filed March 30, 2007.  Plaintiff has responded to the Motion for Summary Judgment.  See Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38).  Thus, the Motion for Summary Judgment is ripe for review.

## II.  Summary Judgment Standard

With respect to the standard for granting summary judgment, the Eleventh Circuit Court of Appeals has stated:

---

[1] The parties have submitted exhibits in support of their pending motions. Defendant's exhibits, attached to the Memorandum in Support of Defendant's Motion to Dismiss or for Summary Judgment (Doc. #32), will be hereinafter referred to as "Defendant's Ex." Plaintiff's exhibits, attached to his Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38), will be hereinafter referred to as "Plaintiff's Ex."

- 2 -

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

<u>In re Optical Technologies, Inc.</u>, 246 F.3d 1332, 1334 (11th Cir. 2001).

The parties' respective burdens and the Court's responsibilities are outlined as follows:

> The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. <u>Taylor v. Espy</u>, 816 F.Supp. 1553, 1556 (N.D. Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235, 1237 (11th Cir. 1992); <u>Rollins v. TechSouth, Inc.</u>, 833 F.2d 1525, 1528 (11th Cir. 1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>[,] 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).
>
> Applicable substantive law will identify those facts that are material. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248, 106 S.Ct.

> 2505, 2510, 91 L.Ed.2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. Id. For factual issues to be considered genuine, they must have a real basis in the record. Matsushita, 475 U.S. at 586-87, 106 S.Ct. at 1355-56. It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. Anderson, 477 U.S. at 249, 106 S.Ct. at 2135. The Court must avoid weighing conflicting evidence or making credibility determinations. Id. at 255, 106 S.Ct. at 2513-14. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918-19 (11th Cir. 1993).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted).

> If a reasonable jury could not find in favor of the nonmoving party, no genuine issue of material fact does exist; and summary judgment is proper. Beal v. Paramount Pictures Corp.,

> 20 F.3d 454, 459 (11th Cir. 1994). A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment. <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997). As Fed. R. Civ. P. 56(e) states, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

<u>Young v. City of Palm Bay, Fla.</u>, 358 F.3d 859, 860 (11th Cir. 2004).

### III. Plaintiff's Allegations and Claims

In the Complaint, Plaintiff Bashir alleges that he was arrested on or about April 19, 2002. Complaint at 1 (citing Case No. 3:02-cr-115-J-32TEM-2). On or about March 2, 2003, prior to the commencement of the federal criminal trial, Plaintiff's attorney Daniel Smith, Esquire, gave the United States Marshal's Service various articles of personal clothing for Plaintiff Bashir to wear during the trial: two Ralph Lauren suits, two linen Ralph Lauren shirts, two crew neck shirts, four pairs of slacks, a pair of Salvatore Ferragamo loafers and a pair of Mauri loafers. <u>Id</u>. at 2. After the trial ended on or about March 12, 2003, Mr. Smith went to the United States Marshal's Office to retrieve the articles of clothing. <u>Id</u>. In the process of returning the articles of clothing to Plaintiff's wife, it was discovered that the following items were not returned with the other articles of clothing: a

black Ralph Lauren suit (valued at $750.00); a navy blue Ralph Lauren suit (valued at $750.00); a black linen Ralph Lauren shirt (valued at $150.00); a blue linen Ralph Lauren shirt (valued at $150.00); and a pair of Salvatore Ferragamo loafers (valued at $350.00).  Id.  The total value of the lost items is $2,150.00.  Id.

Both Plaintiff's wife and Mr. Smith contacted the United States Marshal's Office numerous times to attempt to repossess the items.  Id. at 2-3.  Eventually, Plaintiff's wife and Mr. Smith were informed by the United States Marshal's Office that the articles of clothing had more than likely been lost during the relocation of the Marshal's Office.  Id. at 3.  Plaintiff concludes that the articles of clothing were negligently lost by the United States Marshal's Office during the relocation.  Id.  As relief, Plaintiff seeks compensatory damages in the amount of $2,150.00 for the lost articles of clothing, attorney's fees, incurred court costs and any other relief that this Court deems equitable.  Id.

### IV. Law and Conclusions

In Defendant's Motion for Summary Judgment, Defendant claims that Plaintiff failed to timely file his Complaint after having received a certified letter denying the administrative claim, as required by 28 U.S.C. § 2401(b).  Motion for Summary Judgment at 4, 5-7.  As noted by Defendant, actions brought under the FTCA must be pursued in compliance with the procedures set forth in that Act.

Among the procedures mandated by the FTCA is the requirement that litigation must be filed, if at all, within six months after an agency's denial of the administrative claim. More specifically, the FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun **within six months** after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (emphasis added). Thus, to comply with the FTCA's statute of limitations, a plaintiff must file an administrative claim within two years after the date his claim accrues and file an action within six months after the agency mails its denial of the administrative claim. Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001); Shoff v. United States, 245 F.3d 1266, 1267-68 (11th Cir. 2001).

On January 31, 2005, the United States Marshal's Service received an administrative claim prepared by Plaintiff Bashir that had been referred by the Federal Bureau of Prisons, Northeast Regional Office. Defendant's Memorandum, Declaration of Jessica Born, an attorney for the United States Marshal's Service, at 1; Defendant's Ex. A. The administrative claim alleged that the United States Marshal's Service in Jacksonville, Florida, lost Plaintiff's clothing and shoes on or about April 18, 2003.

Defendant's Memorandum, Declaration of Jessica Born at 2; Defendant's Ex. B.  By certified letter dated April 11, 2005, from Gerald M. Auerbach, General Counsel, on behalf of the United States Marshal's Service, Plaintiff's administrative claim was denied. Defendant's Memorandum, Declaration of Jessica Born at 2; Defendant's Ex. C.  Specifically, the denial states in pertinent part:

> Our review of the circumstances surrounding your claim has disclosed no evidence of negligence or wrongful acts on the part of any USMS employee.  Specifically, we have no record, nor have you provided any evidence to substantiate, that the USMS ever took possession of your claimed property.
>
> Accordingly, your administrative tort claim against the United States, in the amount of $2,150.00, is denied.  If you are is [sic] dissatisfied with our determination, suit may be filed in the appropriate U.S. District Court not later than six months after the date of the mailing of this notice of final denial.

Defendant's Ex. C.  Thus, Plaintiff was required to file his action in federal court by October 11, 2005.

The certified mail return receipt reflects a mailing date of April 11, 2005, which is the same date that is reflected in the denial letter.  Id.  The return receipt card reflects that the denial letter was sent to Plaintiff Bashir at his address at the Federal Correctional Institution in Otisville, New York.  Id.  The return receipt reflects that the denial letter was received on

April 14, 2005. Defendant's Memorandum, Declaration of Jessica Born at 2; Defendant's Ex. D.

Defendant contends that Plaintiff's suit in federal court was not filed by the due date of October 11, 2005, but rather was filed on October 31, 2005. Motion for Summary Judgment at 2; Defendant's Memorandum at 2, 7. However, Plaintiff claims, and this Court agrees, that Plaintiff timely filed his Complaint in the United States District Court for the Southern District of New York and the case was later transferred to this Court for further review and disposition. Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment at 1.

The record reflects that Plaintiff Bashir's Complaint, dated September 12, 2005, was received by the *Pro Se* Office of the United States District Court for the Southern District of New York on September 19, 2005. See Case No. 1:05-cv-9192-MBM, Transfer Order (Doc. #3), filed October 31, 2005, at 1 n.1; Plaintiff's Complaint (Doc. #2); Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38), filed May 29, 2007, Ex. B, Letter to Plaintiff from the *Pro Se* Office of the United States District Court for the Southern District of New York (stating "your papers were received by the *Pro Se* Office on September 19, 2005"). Thus, while the Complaint (Doc. #2) was filed in the United States District Court for the Southern District of New York on October 31, 2005, this Court will give

- 9 -

Plaintiff the benefit of the mailbox rule and find that the Complaint was filed on the date he signed the Complaint and apparently handed it to the prison authorities for mailing to the Court (September 12, 2005). See Houston v. Lack, 487 U.S. 266, 276 (1988). Thus, Plaintiff timely filed his Complaint in federal court. Therefore, Defendant's Motion for Summary Judgment (Doc. #33), with respect to the contention that Plaintiff has not timely filed his Complaint in this Court, will be denied. Further, Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38) will be partially granted only with respect to the timeliness issue.

Secondly, Defendant claims that the FTCA specifically exempts any claim based on the detention of goods by law enforcement officers in the performance of their duties and therefore Plaintiff's Complaint should be dismissed since the United States is exempt from such a claim pursuant to 28 U.S.C. § 2680(c). Motion for Summary Judgment at 2; Defendant's Memorandum at 7-9. Plaintiff argues that the United States is not exempt from such a claim. Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment at 3-4.

The Eleventh Circuit has stated:

> Sovereign immunity protects the government from lawsuits for damages unless immunity is expressly waived by statute. Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). A waiver of sovereign immunity must be expressly and unequivocally

> found in the statutory text and cannot be implied. Id. Not only is there no express and unequivocal statutory waiver by Congress which would apply to [Plaintiff's] claims, but the Federal Tort Claims Act specifically prohibits money damages for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). The Supreme Court has reaffirmed that the United States has not waived its sovereign immunity with respect to "a claim resulting from negligent handling or storage of detained property." Kosak v. United States, 465 U.S. 848, 854, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984); see also Schlaebitz v. United States Dep't of Justice, 924 F.2d 193 (11th Cir. 1991) (affirming dismissal of federal prisoner's claim for money damages based on United States Marshal's unauthorized release of prisoner's luggage and its contents to a third party).

United States v. Potes Ramirez, 260 F.3d 1310, 1315-16 (11th Cir. 2001).

Section 2680(c) of the FTCA exempts the United States from liability for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer."  In Schlaebitz v. United States Dep't of Justice, 924 F.2d 193, 194 (11th Cir. 1991) (per curiam), the Eleventh Circuit broadly construed "any other law enforcement officer" to include "officers in other agencies performing their proper duties."  The Eleventh Circuit, in its opinion, reviewed the circuits that had addressed the issue interpreting 28 U.S.C. § 2680(c) and the phrase "any other law

enforcement officer" and found it to include officers in other agencies performing their proper duties, including United States Marshals. Id. at 194-95. In its conclusion, the Court held:

> We find the reasoning of the other circuits persuasive. Here there is no contention that the Marshalls [sic] were not acting within their lawful authority. The Tort Claims Act specifically exempts any claim based on the detention of goods by law enforcement officers in the performance of their lawful duties. We therefore hold that the district court properly dismissed Schlaebitz's claim for lack of subject matter jurisdiction.

Id. at 195; see also Bramwell v. United States Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003), cert. denied, 543 U.S. 811 (2004) (Federal Bureau of Prisons officers); Chapa v. United States Dep't of Justice, 339 F.3d 388, 390 (5th Cir. 2003) (Federal Bureau of Prisons officers); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (Federal Bureau of Prisons officers); Halverson v. United States, 972 F.2d 654, 656 (5th Cir. 1992) (Border Patrol agents), cert. denied, 507 U.S. 925 (1993); Cheney v. United States, 972 F.2d 247, 248 (8th Cir. 1992) (drug task force agents).

This Court takes judicial notice of Ali v. Federal Bureau of Prisons, 204 Fed.Appx. 778 (11th Cir. 2006), cert. granted, 75 U.S.L.W. 3633 (U.S. May 29, 2007) (No. 06-9130). In Ali, the Eleventh Circuit held that officers of the Federal Bureau of Prisons who allegedly mishandled the inmate plaintiff's property fell within the FTCA's exception from the waiver of immunity for

claims arising from the detention of goods by "any other law enforcement officer." Specifically, the Court stated:

> The United States Supreme Court has interpreted § 2680(c) broadly to cover not only damages arising from the detention of goods or merchandise, but also situations in which damages result from their negligent storage or handling. Kosak v. United States, 465 U.S. 848, 854-59, 104 S.Ct. 1519, 1523-25, 79 L.Ed.2d 860 (1984). The definition of "any other law-enforcement officer," within the meaning of § 2680(c) has been addressed by this circuit and sister circuit courts of appeal. Schlaebitz v. United States Dep't of Justice, 924 F.2d 193 (11th Cir. 1991). In Schlaebitz, we held that U.S. Marshals, who were allegedly negligent in releasing a parolee's luggage to a third party, were "law-enforcement officers" within the meaning of the FTCA exception in § 2680(c). 924 F.2d at 195; see also United States v. Potes Ramirez, 260 F.3d 1310, 1315-16 (11th Cir. 2001).
>
> After reviewing the record, we conclude that the district court did not err in finding that the officers who handled Ali's property fall within the exception found in 28 U.S.C. § 2680(c). See Schlaebitz, 924 F.2d at 194-95. Accordingly, the district court did not err in dismissing Ali's FTCA claim for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Id. at 779-80.

Very recently, on May 29, 2007, the United States Supreme Court granted Petitioner Ali's petition for a writ of certiorari on the following question:

> Under 28 U.S.C. 2680(c), the Federal Tort Claims Act's waiver of sovereign immunity does not extend to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer

> of customs or excise or any other law enforcement officer." The question presented, over which ten circuits are divided six-to-four is:
>
> Whether the term "other law enforcement officer" is limited to officers acting in a tax, excise, or customs capacity.

Petitioner's Petition for a Writ of Certiorari, 2007 WL 1541311 (Jan. 25, 2007) (No. 06-9130); see Ali, 75 U.S.L.W. 3633; http://www.supremecourtus.gov (Docket, Case No. 06-9130).

Since the United States Supreme Court has granted Petitioner's petition for a writ of certiorari in Ali on the above-stated question, which is an issue that will significantly affect the resolution of the pending motions now before this Court, Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (with respect to the applicability of 28 U.S.C. § 2680(c)) and Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (with respect to that same above-stated issue) will be deferred and will be ruled on after the United States Supreme Court has made a final ruling in Ali. Further, this case will be stayed pending resolution of the Ali case in the United States Supreme Court, and Defendant will be directed to notify the Court when the United States Supreme Court has made its final ruling in Ali. Finally, the Clerk of Court will be directed to administratively close this case.

Therefore, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #33), with respect to the contention that Plaintiff has not timely filed his Complaint in this Court, is **DENIED**. Plaintiff has timely filed his Complaint in federal court.

2.  Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #33), with respect to the applicability of 28 U.S.C. § 2680(c), is **DEFERRED** and will be ruled on after the United States Supreme Court has made a final ruling in Ali.

3.  Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38) is **PARTIALLY GRANTED** only to the extent that this Court has denied a portion of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. #33). See paragraph 1. The remaining portion concerning the applicability of 28 U.S.C. § 2680(c) is **DEFERRED** and will be ruled on after the United States Supreme Court has made a final ruling in Ali.

4.  This case is **STAYED** pending the final resolution of the Ali case in the United States Supreme Court, and Defendant shall notify the Court when the United States Supreme Court has made its final ruling in Ali, at which time the stay will be lifted, and this Court thereafter will rule upon the remaining portions of the following motions: Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment (Doc. #33) and Plaintiff's Motion to Preclude Summary Judgment and Motion to Dismiss Defendant's Request for Summary Judgment (Doc. #38).

    5.   The Clerk of Court shall administratively close this case until further Order of this Court.

    **DONE AND ORDERED** at Jacksonville, Florida this __13th__ day of June, 2007.

                              */s/ Howell W. Melton*
                              HOWELL W. MELTON
                              United States District Judge

sc 6/8
c:
El-Amin Bashir
Ass't U.S. Attorney (Rodriguez)